## J. W. JENKINS' SONS' MUSIC CO. v. TRUEX. (No. 6048.)

(Court of Civil Appeals of Texas. San Antonio. May 22, 1918. On Motion for Rehearing, June 21, 1918.)

1. APPEAL AND ERROR ⬤➡301 — RESERVATION OF EXCEPTIONS.

An assignment of error, not contained in the motion for new trial, cannot be considered.

On Motion for Rehearing.

2. PAYMENT ⬤➡65(3)—EVIDENCE.

Possession by debtor of evidence of indebtedness raises the presumption of payment.

3. PAYMENT ⬤➡73(1) — EVIDENCE — SUFFICIENCY.

In action for balance due on price of piano, evidence *held* insufficient to show payment.

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by the J. W. Jenkins' Sons' Music Company against Dr. H. E. Truex. Judgment for defendant, and plaintiff appeals. Affirmed. On motion for rehearing. Judgment reversed, and cause remanded.

Emmett B. Cocke, of San Antonio, for appellant. Barrett, Eskridge & Barrett and

Joseph A. McCaleb, all of San Antonio, for appellee.

MOURSUND, J. Appellant sued appellee to recover balance of $137.75 and interest thereon from September 9, 1910, alleged to be due for a piano, and to foreclose chattel mortgage lien. The piano was alleged to be of the value of $300. Defendant pleaded payment. The trial resulted in a verdict and judgment in favor of defendant.

[1] Appellant's first assignment is not contained in the motion for new trial and cannot be considered.

By the second and third assignments it is contended that the verdict is not supported by the evidence, in that the burden was on defendant to show specifically how he paid the amount sued for, and to show that such payment was received by plaintiff, and that there is no evidence in the record establishing these facts with any degree of probity. Defendant was in possession of the only instrument evidencing the debt, but plaintiff claimed it had been sent him by mistake. Defendant testified that he remitted $164.35 to plaintiff on November 12th, of which sum $150 was by means of a check of another person, but he could not recall whose check it was, and the remainder was in currency and silver. He testified that after doing this he received the piano contract, with a contract for a victrola, which he had also purchased on the installment plan. There is no direct evidence that the plaintiff company received the remittance, and the only evidence from which its receipt can be deduced is that of defendant, to the effect that after making such remittance his piano contract was sent him by plaintiff. There are some circumstances which cast great doubt on the correctness of such statement. The plaintiff's manager of the collection department attached to his depositions a carbon copy of a letter purporting to have been written on October 2, 1913, in which receipt of balance due on the victrola contract was acknowledged, and it was stated that such contract, duly canceled, was inclosed. Receipt was therein acknowledged of $21.24 to be applied on the piano contract. In view of this evidence, and defendant's statement, it occurs to us that plaintiff's contention that the piano contract was sent out by mistake, and that it never received any remittance such as was testified about by defendant, is probably correct; but, after all, the jury had the right to disbelieve the plaintiff's manager, and to believe that no such letter was sent, or that, if it was sent, the victrola contract was left out by mistake, and the two contracts sent afterwards. Mr. Hulland, plaintiff's employé, who handled all money received by mail from outside of Kansas City, did not testify; nor did Mr. Jenkins, plaintiff's treasurer, who indorses all checks received and deposits the money. No effort was made to show

by the bank with which plaintiff did business that no check such as was described by defendant was deposited in November, 1913. Plaintiff's sole testimony was that of its manager, who of course testified from the records of his department. The defendant was in possession of the only evidence of the indebtedness sued on by plaintiff. If the jury believed his statement as to how he came into possession thereof, they were authorized to find that plaintiff received the remittance and accepted it as full payment. Defendant's possession of the evidence of the indebtedness raised a presumption of payment, and the burden of overcoming the prima facie case made by the possession of the contract devolved upon the plaintiff. The evidence by which it sought to discharge such burden was found unsatisfactory by the jury, and defendant's testimony was believed, despite a number of strong circumstances tending to discredit the same.

We have carefully considered the evidence. and, however much we might differ with the jury as an original proposition, we conclude that we would not be authorized to set aside the verdict and judgment.

The judgment is affirmed.

### On Motion for Rehearing.

[2] Upon a reconsideration of the entire testimony in this case, we conclude that the verdict of the jury rests upon such unsatisfactory and highly improbable testimony that we should exercise the right of reversing the judgment and remanding the cause for another trial. The possession of the evidence of the indebtedness raises a presumption of payment, which presumption, unrebutted, would support a verdict. That presumption, if not disproved, would be sufficient to satisfy the burden imposed by law on the debtor to prove payment. It is not such a presumption as would justify a charge that the burden was on plaintiff to show nonpayment, and we did not hold that it was. In this case the explanation is made that the piano contract was attached to a victrola contract, and that it could not have come into possession of appellee, except by some mistake, which probably consisted in that, when the victrola debt was paid in full, the piano contract was not detached, but was sent to appellee with the victrola contract. This theory is supported by many facts.

There is no testimony or evidence tending to show that the victrola contract was not inclosed in the letter of October 2, 1913. That letter states that the victrola contract was duly canceled. The piano contract contains indorsements showing each payment made up to October 2, 1913. Each payment consisted of $18 and interest, except one, which was for $36. The piano contract contains no indorsement that it is canceled, or that it is paid in full, or any kind of indorse-

ment of payment made subsequent to the date when the balance due on the victrola was paid. A copy of the piano contract was duly registered in Bexar county as a chattel mortgage, and a release would be proper, and would naturally be desired by appellee, if full payment had been made. No demand was ever made by appellee for any release or receipt showing full payment, and when it was discovered, in going through the ledger, that there was apparently a balance due on the piano account, and letters written him asking for further payments, he failed to claim that he had made payment, and did not answer the letters.

[3] The foregoing facts and circumstances destroy any presumption of payment arising from the mere possession of the contract. Appellee's testimony tending to show payment is very unsatisfactory. It appears that at a previous trial he testified he sent his personal check in payment of the balance, but afterwards ascertained that he did not have that much money in the bank, and recollected that he sent to appellant by mail a check for $150, given by a patient of the Terrell Medical & Surgical Institute, which was operated by a corporation in which appellee was a stockholder and manager, and the remainder, $14.35, in money. He was unable to recollect who gave the check, or on what bank it was drawn. Appellee's recollection, admitted to be so faulty, may also be faulty as to whether the remittance of which he had such a vague recollection was in fact made to appellant, or to some other creditor; but, aside from that, there is no evidence that appellant ever received the remittance of check and money claimed to have been sent, unless it be deduced from the fact that appellee had possession of the contract. In view of the facts of this case, we do not believe that such possession can be considered as satisfactory evidence of the receipt of the remittance claimed to have been sent.

The motion for rehearing is granted, and our former judgment set aside, the judgment of the trial court is reversed, and the cause remanded.