## NATIONAL FINANCE CO. v. FREGIA.
### No. 2612.

Court of Civil Appeals of Texas. Beaumont. Feb. 6, 1935.

Rehearing Denied Feb. 13, 1935.

Crook, Lefler & Cunningham, of Beaumont, for appellant.

John T. Kitching, of Beaumont, for appellee.

COMBS, Justice.

This appeal is from a judgment of the county court of Jefferson county at law, wherein appellee, Lester Fregia, as plaintiff, recovered judgment against appellant, National Finance Company, as defendant, for $125 actual damages and $350 exemplary damages, for the wrongful conversion and sale of an automobile truck belonging to appellee. For convenience we will designate the parties as in the trial court.

On February 20, 1933, plaintiff borrowed $25 from one R. W. Carpenter and gave his chattel mortgage note payable to Carpenter for $30. The note was payable in two monthly installments of $15 each. The mortgage covered an International automobile truck and in addition to securing the $30 note, also, by its terms, secured "any other indebtedness for which the undersigned (mortgagor) may be or become liable to mortgagee herein." The mortgage provided for sale of the mortgaged property without notice in the event of default. At the time of the transaction plaintiff delivered the truck to Carpenter for the purpose, as testified by Mr. Carpenter, of better securing the loan and also that Carpenter might sell the truck for plaintiff. A day or two after the transaction, Carpenter assigned the note and mortgage to defendant, National Finance Company, and it may be inferred, although it is not specifically shown,

delivered the truck to the defendant. The first installment of the note was not paid when due, but on April 16, 1933, four days before the maturity of the last installment, plaintiff's wife came to Beaumont for the purpose of paying the indebtedness and repossessing the truck. According to her testimony, she saw Mr. L. Toplitz, president and general manager of the defendant company, and he declined to receive the payment, stating that the truck had already been sold. At that time the plaintiff was sick in the hospital in Houston. It is shown that the truck had not been sold, but at that time was still in the possession of the defendant. On April 21, 1933, the day after the maturity of the last installment, Mr. Toplitz, acting for his company, sold the truck to one H. T. Welborn for $80. In order to make transfer of the legal title into the defendant finance company, Mr. Toplitz, on behalf of the defendant company, made and filed with the tax collector of Jefferson county an affidavit to the effect that said National Finance Company was legal owner and holder of the truck, and further that it was unable to locate the proper vendor, Lester Fregia. On the same day the defendant, acting by L. Toplitz, executed a bill of sale to the truck to H. T. Welborn and, as the evidence shows, delivered the truck to Welborn.

In response to several special issues, the jury found facts establishing that the defendant did wrongfully convert plaintiff's truck. The jury also found that the defendant was actuated by malice. It fixed the value of the truck so converted at $125 and assessed exemplary damages in the amount of $350. Against the amount so allowed the court deducted $25, the amount of money actually received by plaintiff from Carpenter at the time the loan was made and entered judgment for plaintiff for $450, from which this appeal is prosecuted.

Appellant does not, by any assignments, attack the jury's findings.

Upon the trial it was shown that the defendant, National Finance Company, at the time of the alleged conversion, was the owner of an unpaid note of plaintiff in the sum of $177.50. That note was dated December 17, 1932, was payable to defendant, National Finance Company, and was secured by a mortgage on a De Soto automobile. On these facts appellant advances the proposition that it had a right to refuse to deliver the truck upon the payment of the $30 note and to hold the same as security for the payment of the $177.50 note secured by the lien on the De Soto automobile; that since the mortgage given by plaintiff to Carpenter on the truck covered any other indebtedness, present or future, which might be owing by the mortgagor to the mortgagee, it had a right, by virtue of being the assignee of such mortgage, to make sale of the truck and apply the proceeds, first, to the extinguishing of the $30 note, and the balance to the $177.50 note. This contention is without merit. While it is true that provisions in a mortgage securing other indebtedness not specifically mentioned or to accrue in the future are held to be legal, such provisions, of course, have application only to such indebtedness as was reasonably within the contemplation of the parties at the time the mortgage was made. The defendant was not a party to the mortgage which plaintiff gave R. W. Carpenter. Carpenter was a stranger to the indebtedness of $177.50 due by plaintiff to the defendant. Clearly, it was not within the contemplation of plaintiff and Carpenter that the mortgage on the truck for the $30 loan should also be security for the debt then owing by the plaintiff to the defendant Finance Company.

Defendant's other contention is to the general effect that, as a matter of law, it is not liable to the plaintiff for exemplary damages. This contention is based upon the proposition of law that, as a general rule, mere breach of contract does not give rise to a legal situation which permits of a recovery of exemplary damages. Such, we think, is the general rule. But from the facts, which we have briefly recited above and which amply support the jury's findings of malicious and wrongful action on the part of the defendant, it is apparent that defendant committed a tort in connection with, but independently of, the breach of the contract. That exemplary damages are recoverable in such a case is well established by the decisions of our courts. Shirley v. Waco Tap Ry. Co., 78 Tex. 131, 10 S. W. 543; Hooks v. Fitzenrieter, 76 Tex. 277, 13 S. W. 230. In such case the exemplary damages are allowed not for the breach but for the tort. Such was the effect of the holding of this court in the recent case of National Finance Co. v. Abernathy (Tex. Civ. App.) 66 S.W.(2d) 358. We refer to the opinion of Chief Justice Walker in that case and the authorities cited and discussed by him in support of this proposition.

Finding no error, the judgment of the trial court is in all things affirmed.