Ernest S. Goens, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

Assault with intent to murder is the offense; the punishment, two years in the penitentiary.

Appellant does not seriously contend that the facts showing that he shot the injured party in the left wrist at close range with a 12-gauge shotgun were not sufficient to authorize the jury's conclusion of guilt. His contention is that the facts also raised the issue of accidental shooting, which should have been submitted to the jury notwithstanding the fact that no exception or objection was reserved to the court's charge or special requested charge seeking to have that issue submitted.

Under the express provisions of Arts. 658 and 659, C.C.P. Vernon's Ann., objection to the charge must be presented before it is read to the jury. We are precluded from considering his contention. See Hanvy v. State, 144 Tex.Cr.R. 351, 162 S.W.2d 721. Moreover, we note that appellant, by his own testimony, claimed that he shot in self-defense. He made no claim that the shooting was accidental.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## REPUBLIC NAT. BANK OF DALLAS v. ZESMER.

### No. 13611.

Court of Civil Appeals of Texas. Dallas.
March 30, 1945.

Eugene DeBogory and W. L. Wray, both of Dallas, for appellant.

J. Manuel Hoppenstein, of Dallas, for appellee.

BOND, Chief Justice.

This suit is to establish an indebtedness as a secured claim against the estate of Sol Ackerman, deceased, in favor of Republic National Bank of Dallas, Texas.

The facts are undisputed: On May 11, 1943, Sol Ackerman executed his certain promissory note in the sum of $750 payable to the Liberty State Bank at Dallas, and, simultaneously therewith, a chattel mortgage upon one 1941 Buick 4-door sedan automobile. The mortgage provides (pertinent here) that it is given to secure the Liberty State Bank, its successors and assigns in the payment of said note, interest and attorney's fees, "as well as to secure the payment of all other indebtedness now due and owing said bank, and any and all indebtedness hereafter to become due and owing said bank, its successors, assigns or legal representatives, whether evidenced by note, overdraft, or otherwise, * * *". On June 2, 1943, Sol Ackerman, for Wonder Food Products, executed another note in the sum of $500 payable to the Liberty State Bank, and a chattel mortgage upon one 1940 Willys coupe automobile; and on July 16, 1943, executed a third note in the sum of $300 payable to Liberty State Bank, and a mortgage upon a 1929 Ford one-and-one-half ton truck. The last two mortgages are in terms, effect and tenor as is the first mortgage, having the same provision as to securing other indebtedness due and payable to the Liberty State Bank, not definitely and particularly named in the mortgage. On October 10, 1943, Sol Ackerman, for Wonder Food Products, executed a promissory note in the sum of $450 to appellant, Republic National Bank of Dallas, providing for interest and default attorney's fees, without any mortgage lien to secure its payment. This note is what the officials of the bank termed "an open note", i. e., without security.

On January 10, 1944, before any of the aforesaid notes according to their face and reading became due, Sol Ackerman died, and soon thereafter and before administration was sued out on his estate, the officials of Republic National Bank, having been advised that the Liberty State Bank held the first three above-described notes and mortgages against said estate, requested transfers thereof to their bank; thus acquiring, by duly executed assignments, the three notes and mortgages. On these assignments and the above-described note executed to the Republic National Bank, appellant bases its indebtedness, principal, interest and attorney's fees, and its claim on the mortgaged property for security, not only securing the three assigned notes from Liberty State Bank for which the mortgages were given, but, as well, the note executed to Republic National Bank,—basing such claim of security on the provision in the mortgages extending the respective liens to any and all indebtedness not definitely and particularly described therein and payable to Liberty State Bank.

It is in evidence that I. Zesmer, Mrs. Ackerman, surviving widow of Sol Ackerman, and Mrs. Ackerman's father, just prior to I. Zesmer's appointment as administrator and before the contingent default attorney's fees attached, offered to pay to the Republic National Bank the amount due it on the first three notes,

and, in consideration thereof, obtain a release of the mortgaged property. The officials of the Republic National Bank refused the tender unless they paid the unsecured note executed to their bank,— saying that the $450 note had to be paid along with the mortgage notes in order to get release of the mortgage liens on the automobiles and truck. This the parties making the offer refused to do.

On the above state of the record, the administrator approved, as a secured claim against the estate of Sol Ackerman, the balance due on the three above-described notes executed to the Liberty State Bank, except the attorney's fees; and, as an unsecured claim, the amount due on the $450 note executed to appellant, with interest and attorney's fees. The trial court, by judgment, in effect approved the action of the administrator.

■ Evidently the $450 note to the Republic National Bank, executed long after the three notes and mortgages to the Liberty State Bank, was an unsecured debt. There is no evidence in the record that the deceased and the officials of the Republic National Bank intended security on the $450 note, or that the security given the Liberty State Bank extended to the benefit of the Republic National Bank. There is nothing to support, directly or indirectly, by implication or otherwise, a finding that it was in the contemplation of the parties that the $450 note would be secured by the mortgages given to the Liberty State Bank. The assignments of the mortgages did not subject the mortgage liens to the unsecured debt.

■ In 9 Tex.Jur., Sec. 47, p. 135, the general rule is stated that, in determining what debt is secured, the primary inquiry is that of intention, and that the indebtedness to be secured must have been made within the contemplation of the contract when it was made. In Poulter v. Weatherford Hardware Co., Tex.Civ.App., 166 S.W. 364, the court pronounced the rule that "It cannot be doubted that a chattel mortgage will be operative to secure a future indebtedness of the mortgagor where such is the intention of the parties. * * * If an indebtedness * * * was in contemplation of the parties at the time of the execution of the instrument being considered, then undoubtedly the lien would be security for it; but otherwise it would not be."

■ In National Finance Co. v. Fregia, Tex.Civ.App., 78 S.W.2d 1081, 1082, the court said: "While it is true that provisions in a mortgage securing other indebtedness not specifically mentioned or to accrue in the future are held to be legal, such provisions, of course, have application only to such indebtedness as was reasonably within the contemplation of the parties at the time the mortgage was made." Many other authorities announce the same rule; none to the contrary.

In the case at bar, the Republic National Bank's $450 note was not in existence at the time of the execution of the mortgages to the Liberty State Bank; the bank officials knew nothing of the mortgages until after the death of Sol Ackerman. Clearly, it was not within the contemplation of the deceased and the Liberty State Bank that the mortgages given to secure its indebtedness should also be security for the debt subsequently made and owing by deceased to the Republic National Bank. The assignments of the mortgages having been made after the death of Ackerman, of course he was not a party to those transactions; hence such assignments would not transform the unsecured debt due the Republic National Bank into a secured debt. The effect of appellant's contention otherwise would unstabilize secured indebtedness by forever subjecting the mortgaged property to liens and indebtedness of an unsecured type, under the threat or fear of having the mortgage creating the lien assigned to an unsecured creditor. We overrule appellant's contention.

■ Before the attorney's fees attached to the secured note appellant was assured payment of principal and accrued interest; and in this appeal there being no contention that the evidence of tender was insufficient to support the trial court's finding that appellant was not entitled to the fees, and appellant having refused payment unless payment be also made on the unsecured note, it is not entitled to attorney's fees on the secured indebtedness. I. Zesmer, Mrs. Ackerman, and her father had a right to pay the secured notes, or any part of the indebtedness due and owing by the deceased, without having to subject themselves to payment of the unsecured note. The parties offering to pay the secured indebtedness, were interested parties in the estate, and it is admitted

that they were ready and fully able to pay the secured debts; hence the estate should not be penalized by attorney's fees because of their refusal to pay the unsecured note.

Finding no error in the trial court's judgment, it is affirmed.