MAGNUM MACHINE & TOOL
CORP., Appellant,

v.

1ST NATIONAL BANK OF SEGUIN
et al., Appellees.

No. 4971.

Court of Civil Appeals of Texas,
Eastland.

Dec. 23, 1976.

Ted R. Cackowski, Austin, for appellant.

Thomas R. Crump, Seguin, for appellees.

McCLOUD, Chief Justice.

This is an appeal from an order denying a temporary injunction. The appellees neither filed a brief nor appeared for oral argument. Plaintiff, Magnum Machine and Tool Corporation, sought a temporary injunction enjoining defendants, First National Bank of Seguin and C. H. Donegan, Jr., from selling property of plaintiff under the provisions of a deed of trust. The trial court denied the motion for temporary injunction and plaintiff, Magnum Machine and Tool Corporation, has appealed. We affirm.

On August 1, 1973, Vahlco Corporation executed a Real Estate Lien Note in the principal amount of $10,000 payable to the First National Bank of Seguin. To secure the note, Vahlco executed a deed of trust in favor of the bank which designated C. H. Donegan, Jr., as trustee. The deed of trust covered real estate which was later transferred by Vahlco to plaintiff. The deed provided that the conveyance was made subject to the deed of trust in favor of the bank. The deed of trust contained a "dragnet" clause purporting to secure further advances:

"It being contemplated that from time to time Grantor will become further indebted to said Bank, this Deed of Trust and the lien created hereby shall secure any and all indebtedness of Grantor to said Bank of every nature whatsoever, whether created heretofore or hereafter, primary or secondary, until such indebtednesses are fully paid and until this Deed of Trust is duly released by said Bank, and the mere fact of repayment of all indebtedness of Grantor shall not terminate this Deed of Trust lien unless the same be so released by said Bank at the request of Grantor, otherwise it shall remain in full force and effect to secure all present and future indebtednesses of Grantor to said Bank, however the same may be evidenced. This Deed of Trust and lien shall not affect or be affected by any additional security that may be taken as to any indebtedness due said Bank by

Grantor and shall not be affected by renewals or extensions of all or any part thereof, or by partial releases of any character whatsoever . . ."

On December 10, 1973, Vahlco executed a note in the principal sum of $350,000 payable to the First National Bank of Seguin. This note recited on its face it was secured by inventory, retainages, and a "S.B.A. guarantee". The "S.B.A. guarantee" referred to a guarantee by the Small Business Administration. This was the only Small Business Administration guaranteed loan that Vahlco obtained through the First National Bank of Seguin. On February 12, 1976, plaintiff paid the bank $5,368.33 which was the balance owed on the August 1, 1973, note. The $350,000 note was in default and is listed in the trustee's notice of sale. Plaintiff contends the deed of trust did not secure the $350,000 note.

The court in *Texas Foundries v. International Moulders & Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460 (1952) stated: ". . . The granting or refusing of a temporary injunction is subject to a very different character of appellate review from the granting or refusing of a permanent injunction. The trial court is clothed with broad discretion in determining whether or not to issue a temporary injunction to preserve the rights of the parties pending a final trial of the case, and when that discretion is exercised its order should not be overturned unless the record discloses a clear abuse of discretion . . ."

The rules applicable to temporary injunction cases were discussed in *Sun Oil Company v. Whitaker,* 424 S.W.2d 216 (Tex.1968): ". . . To warrant issuance of the writ, an applicant is not required to establish that he will prevail on final trial; he needs only to plead a cause of action and to show a probable right on final trial to the relief he seeks and probable injury in the interim. *Transport Co. of Texas v. Robertson Transports, Inc.,* 152 Tex. 551, 261 S.W.2d 549 (1953); *Southwestern Greyhound Lines, Inc. v. Railroad Commission of Texas,* 128 Tex. 560,

99 S.W.2d 263, 109 A.L.R. 1235 (1936). To be entitled to the writ when the only relief sought on final trial is injunctive, the applicant must show a probable right on final hearing to a permanent injunction. *Oil Field Haulers Ass'n v. Railroad Commission,* 381 S.W.2d 183 (Tex.Sup. 1964). A necessary corollary of the preceding rule is that in no event should the writ issue for the protection of an applicant who does not show a probable right on final trial to a permanent injunction . . ."

Plaintiff argues the court erred in failing to grant the temporary injunction because the parties, Vahlco and the First National Bank of Seguin, did not reasonably contemplate an indebtedness similar to the S.B.A. guaranteed loan when the deed of trust was executed in connection with the $10,000 loan on August 1, 1973.

While discussing the validity of a "dragnet" clause, the court in *Moss v. Hipp,* 387 S.W.2d 656 (Tex.1965) said: ". . . Provisions of this type apply only to indebtedness which was reasonably within the contemplation of the parties to the mortgage at the time it was made. See *National Finance Co. v. Fregia,* Tex.Civ.App., 78 S.W.2d 1081 (writ dis.); *Republic Nat. Bank of Dallas v. Zesmer,* Tex.Civ.App., 187 S.W.2d 227 (no writ); 15 Am.Jur.2d Chattel Mortgages § 80; 14 C.J.S. Chattel Mortgages § 110. The trial court found as a fact that it was not within the contemplation of the parties to the note and chattel mortgage that the original loan would be secured by the mortgage, and the record does not show as a matter of law that the mortgage was intended to secure indebtedness of that nature . . ."

See also: *Wood v. Parker Square State Bank,* 400 S.W.2d 898 (Tex.1966).

The facts in *Moss* and *Wood* are distinguishable. Both cases dealt with claims purchased or otherwise acquired from third parties by the mortgagee against the mortgagor, and not with subsequent loan transactions between the mortgagee and mortgagor.

Tom Hollamon, the loan officer for the bank who handled the deed of trust transaction, testified that he discussed the "future advance clause" with James Osborne, who signed the note and deed of trust on behalf of Vahlco. At one point, Hollamon testified that he discussed with Osborne that "it would secure future advances". There is evidence that the bank made frequent loans to Vahlco. When asked if the loans ranged from $5,000 to $20,000, Hollamon answered, "And more, sometimes more." Hollamon testified that at the time the deed of trust and $10,000 note were executed on August 1, 1973, he had never discussed with Osborne the possibility of obtaining a "S.B.A. guaranteed" loan. There is evidence in the record from which the trial court could have concluded the parties did not contemplate that the deed of trust would cover loans such as the $350,000 loan. There is, however, some evidence to support the implied finding of the trial court that the parties did contemplate that the deed of trust would cover all future loans made by the bank to Vahlco. Since there is some evidence to support the court's implied finding, we cannot say the court clearly abused its discretion in denying the temporary injunction. *International Ass'n of Machinists Lodge 1488 v. Downtown Employees Ass'n,* 204 S.W.2d 685 (Tex.Civ.App.—Galveston 1947, writ ref. n. r. e.); *Missouri Pacific Transp. Co. v. Union Bus Lines,* 210 S.W.2d 846 (Tex.Civ.App.—Eastland 1948, writ ref. n. r. e.); *Waterbury v. City of Katy,* 541 S.W.2d 654 (Tex.Civ.App.—Eastland 1976, no writ).

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.