The BANK OF WOODSON, Appellant,

v.

Susie HIBBITTS, Appellee.

No. 5680.

Court of Appeals of Texas, Eastland.

Dec. 3, 1981.

Rehearing Denied Dec. 31, 1981.

Thomas W. George, George & George, Austin, for appellant.

William G. Thompson, Thompson & Cook, Breckenridge, for appellee.

RALEIGH BROWN, Justice.

This is a summary judgment case. The Bank of Woodson sued Otis Hibbitts, Jr., his wife, Delora, and his mother, Susie M. Hibbitts, for collection of four promissory notes executed on various dates by Otis Hibbitts, and to foreclose on collateral including a deed of trust lien executed by all defendants. Susie Hibbitts filed a cross-action against the bank seeking damages. After proper severances leaving only the claim of the Bank against Susie Hibbitts, both the Bank and Susie Hibbitts filed motions for summary judgments. Mrs. Hibbitts sought to exempt her property from foreclosure. Susie Hibbitts' motion was granted, the Bank's denied. The Bank of Woodson appeals. We affirm.

On January 23, 1968, Susie Hibbitts, joined by Otis Hibbitts and Delora Hibbitts, executed a Deed of Trust covering a 157 acre tract of land solely owned by Susie Hibbitts, in favor of the Wichita Falls Production Credit Association to secure a note executed by all three in the amount of $9,466.23. This lien and deed of trust were transferred to Woodson State Bank. The deed of trust specified that it was being made "to secure and enforce the payment of all other indebtedness now owing or in the future may be owing by mortgagors to mortgagee herein, it being contemplated that future and additional loans and advances may be made by mortgagee to mortgagors, and such future and additional loans and advances will be secured by this Deed of Trust." The four notes on which the Bank seeks to recover were signed only by Otis Hibbitts, all dated in 1978 and all due in 1978.

The thrust of the Bank's appeal is that the court erred (1) in holding that the future indebtedness clause of the deed of trust executed by Susie Hibbitts did not secure the notes sued upon, because the summary judgment evidence establishes that the indebtedness represented by the notes was within the contemplation of the parties to the 1968 mortgage and (2) in not holding as a matter of law it was entitled to foreclose its lien.

■ First to be determined is the effect of a mortgage to secure other indebtedness when a mortgagee attempts to extend coverage of the mortgage jointly executed by three mortgagors to the subsequent individual debts of one of the mortgagors.

It is undisputed that the notes sued upon were executed solely by Otis Hibbitts in 1978. The mortgage was executed in 1968 by Otis, Delora, and Susie Hibbitts. The mortgage secured future indebtedness "owing by mortgagors to mortgagee." It did not purport to secure indebtedness owed by "either or any of them."

Texas courts have held that mortgages to secure other indebtedness will be effective to secure only items of indebtedness that were within the reasonable contemplation of the parties at the time the mortgage was executed. *Kimbell Foods, Inc. v. Republic National Bank of Dallas*, 557 F.2d 491 (5th Cir. 1977); *Moss v. Hipp*, 387 S.W.2d 656 (Tex.1965); *Republic Nat. Bank of Dallas v. Zesmer*, 187 S.W.2d 227 (Tex.Civ.App.—Dallas 1945, no writ). The Bank argues that the advances to Otis Hibbitts in 1978 were for farming operations as was the original loan and thus within the contemplation of the parties.

The court in *Kimbell Foods, Inc.*, supra, considering a "dragnet clause" said:

The language of the contract, unless ambiguous, represents the intention of the parties. The intent deduced from this objective matter, not the parties' subjective understandings, is controlling. See *Western Oil Fields, Inc. v. Pennzoil United, Inc.*, 421 F.2d 387, 390 (5th Cir. 1970); *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex. 1968); *Wall v. Lower Colorado River Authority*, 536 S.W.2d 688, 691 (Tex.Civ.App. —Austin 1976, writ ref'd n. r. e.). See also *First National Bank v. Rozelle*, 493

F.2d 1196, 1201 (10th Cir. 1974). Testimony as to O.K.'s subjective intent in receiving the future advance clause was a classic violation of the parol evidence rule and clearly inadmissible.

We hold that the future indebtedness clause in the instant case is clear and unambiguous and authorizes security for future indebtedness for all three mortgagors, not either or any of them. The trial court was correct in holding as a matter of law that the notes sued upon were not secured by the future indebtedness clause of the deed of trust executed in 1968. *Estes v. Republic National Bank of Dallas*, 462 S.W.2d 273 (Tex.1970); *Americus Finance Co. v. Wilson*, 189 Ga. 635, 7 S.E.2d 259 (1940).

■ Susie Hibbitts' summary judgment proof established that she had paid and had in her possession all notes which she had executed. The Bank was unable to produce any notes in its possession executed by Susie Hibbitts or any notes in its possession jointly executed by the three original defendants. The Bank filed no written opposition to Susie Hibbitts' motion for summary judgment nor did it file any affidavits or documents raising any affirmative defense to Susie Hibbitts' motion.

The court in *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979) said:

> A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

> \* \* \* \* \* \*

The word "written" modifies not only the word "motion," but also the words "answer" and "other response." The "issues" required by the rule to be "expressly presented" are those pointed out to the trial court in written motions, written answers or written responses to the motion. The term "answer" in the context of the rule refers to an answer to the motion, not an answer generally filed in response to a petition. *Feller v. Southwestern Bell Tel. Co.*, 581 S.W.2d 775 (Tex.Civ.App.—Houston [4th Dist.] 1979, no writ). The movant must also expressly set out his grounds in writing:

> ... The judgment sought shall be rendered forthwith if ... and the moving party is entitled to judgment as a matter of law *on the issues as expressly set out in the motion or in an answer or any other response.* (emphasis added)

Thus, both the reasons for the summary judgment and the objections to it must be in writing and before the trial judge at the hearing. The appellate court which must later decide whether the issue was actually presented to and considered by the trial judge will then be able to examine the transcript and make its determination.

The Bank did not respond to Susie Hibbitts' motion for summary judgment which alleged payment.

In the *J. W. Jenkins' Sons' Music Co. v. Truex*, 204 S.W. 872 (Tex.Civ.App.—San Antonio 1918, no writ), the court held:

> The possession of the evidence of the indebtedness raises a presumption of payment, which presumption, unrebutted, would support a verdict. That presumption, if not disproved, would be sufficient to satisfy the burden imposed by law on the debtor to prove payment.

See also *Halfin v. Winkleman*, 83 Tex. 165, 18 S.W. 433 (1892); *Gerlach v. North Texas & S. F. Ry. Co.*, 244 S.W. 662 (Tex. Civ.App.—Amarillo 1922, no writ); *Smith v. Cooley*, 164 S.W.2d 1050 (Tex.Civ.App.— Amarillo 1914, writ ref'd); *Gray v. Tribue*, 118 S.W. 808 (Tex.Civ.App.1909, writ ref'd).

The court in *Cantrell v. Cawyer*, 162 S.W. 919 (Tex.Civ.App.—Austin 1913, no writ) said:

> (T)he fact that the mortgage provided that it should secure future indebtedness would not constitute it a mortgage as to indebtedness incurred after a full settlement of all indebtedness contemplated by

the parties when such mortgage was executed. A mortgage is but an incident of a debt, and when the debt is paid the mortgage is extinguished; and, when once extinguished, it is not revived by a subsequent debt, not in contemplation of the parties when the mortgage was executed.

We hold that Susie Hibbitts conclusively established payment of any indebtedness to which she was obligated, therefore, the trial court correctly held that the 1968 lien had been extinguished.

The judgment of the trial court is affirmed.