**The MARIES COUNTY BANK,
Plaintiff–Appellant,**

v.

**Stanley T. WILLIAMS and Edith Williams, Individually and as Trustee of the Edith M. Williams Living Revocable Trust dated September 11, 1996, and the Edith M. Williams Living Revocable Trust Dated September 11, 1996, Defendants–Respondents.**

No. 22175.

Missouri Court of Appeals,
Southern District,
Division Two.

April 29, 1999.

Albert Crump, Jr., Vienna, for Appellant.

John C. Reed, Venters, Peltz & Reed, P.C., Jefferson City, for Respondent.

PHILLIP R. GARRISON, Chief Judge.

The Maries County Bank ("Bank") appeals from an adverse judgment entered in a declaratory judgment action filed by it against Stanley T. Williams ("Stanley") and Edith Williams ("Edith"),[1] individually and as trustee of a living revocable trust created by her. Collectively, we refer to Stanley and Edith as "Defendants." We affirm.

In 1984, Edith, who is Stanley's mother, conveyed 60 acres of land in Maries County (the "Land") to herself, Stanley and Stanley's wife, Jo Ann Williams ("Jo Ann") "as joint tenants and to the survivor." Stanley, Jo Ann and Edith executed a promissory note to Bank on March 10, 1994, in the principal amount of $97,112.43. They also executed a "Future Advance Deed of Trust" (the "Deed of Trust") covering the Land and securing payment of the "Secured Debt." The Deed of Trust defined the "Secured Debt" as follows:

A. The promissory note(s), contract(s), guaranty(s) or other evidence of debt executed by Borrower listed below and all extensions, renewals, modifications or substitutions: LOAN DATED MARCH 10, 1994 AND FUTURE ADVANCED DEED OF TRUST DATED MARCH 10, 1994.

B. All future advances or other future obligations under any promissory note, contract, guaranty, or other evidence of debt existing now or executed after this Security Instrument. No future advance or future obligation will be secured by this Security Instrument unless the promissory note,

contract, guaranty or other evidence of indebtedness under which such future advance or future obligation is incurred shall state on its face that it is secured by, and identifies by date of execution, this Security Instrument.

. . . .

D. All other obligations Borrower owes to Lender, which now exist or may later arise, to the extent the taking of the Property as security for the obligation is not prohibited by law.

E. Borrower's performance under the terms of any instrument evidencing a debt by Borrower to Lender and any security instrument securing, guarantying, or otherwise relating to the debt.

Stanley and Jo Ann signed another promissory note to Bank in the principal amount of $55,000 on April 1, 1994. That note contained no language indicating that it was secured by the Deed of Trust.

Thereafter, Stanley and Jo Ann's marriage was dissolved and Jo Ann quit claimed any interest she had in the Land to Stanley and Edith. Edith then conveyed her interest in the Land to the "Edith M. Williams Living Revocable Trust dated September 11, 1996."

On January 29, 1997, Bank filed suit against Stanley, Jo Ann and Edith, individually and as trustee, seeking a declaratory judgment in which it alleged, *inter alia*, that there was a controversy about whether the Deed of Trust also secured payment of the $55,000 promissory note signed by Stanley and Jo Ann. In its petition, Bank prayed for a judgment declaring that both of the promissory notes were secured by the Deed of Trust. The trial court found that under the Deed of Trust, the "Grantor" and "Borrower" included all three signatories to the document, to wit: Stanley, Jo Ann and Edith. Accordingly, it held that the $55,000 note, signed only by Stanley and Jo Ann, was not an "obligation" or "debt" of the "Borrower" under the Deed of Trust, and therefore did not comply with Paragraphs D and E of the Deed of Trust. It also held that the $55,000 note did not comply with Paragraph B of the

1. We refer to the parties by their given names for purposes of clarity. No disrespect is intended.

Deed of Trust because it did not identify by date the Deed of Trust and state that it was secured by the Deed of Trust. The trial court entered judgment for Defendants. This appeal followed.

■ Appellate review of a court-tried case is governed by Rule 73.01(c) and *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Id.*

Bank's single point on appeal is:

The trial court erred as a matter of law in its finding that in order to be secured by the future advance deed of trust ... the promissory note of April 1, 1994, ... had to meet one definition in the future advance deed of trust requiring a note to state on its face that it was secured by the future advance deed of trust because the future advance deed of trust also defined "Secured Debt" to include ... "all other obligations Borrower owes to Lender ..." and "Borrower's performance under the terms of any instrument evidencing a debt by Borrower to Lender ...", [sic] both of which are sufficient future advance provisions, commonly known as "dragnet" clauses, enforceable under both the case law of Missouri and the statutory provisions of the Future Advance Deed of Trust Statutes, Section 443.055 of the Revised Statutes of Missouri, and which require that the promissory note of April 1, 1994, be secured by the future advance deed of trust.

As we understand this point, Bank hinges its claim of error on the premise that the trial court found that, in order to be secured by the Deed of Trust, the second note had to state on its face that it was secured by the Deed of Trust, together with an identification of that instrument by date. As indicated earlier, the trial court found that the second note failed to comply with those requirements contained in Paragraph B of the Deed of Trust. The trial court also found, however, that the "Grantor" or "Borrower" in the Deed of Trust was identified as all three parties (Stanley, Jo Ann and Edith) and that only Stanley and Jo Ann signed the second note. The trial court concluded, therefore, that Paragraphs D and E of the Deed of Trust were not complied with since the note was not an obligation or debt of the "Borrower." Bank admits that the second note did not comply with the requirements of Paragraph B by not identifying the Deed of Trust on its face, but it argues that the provisions of Paragraphs D and E should apply because "it constitutes an additional obligation between the original parties on the [D]eed of [T]rust...." Bank, therefore, assumes that a note by two of the original parties to the Deed of Trust is sufficient to bring it within the purview of Paragraphs D and E referring to other debts by "Borrower."

■ The parties do not cite us to Missouri case authority deciding whether a promissory note by less than all of the makers of a future advance deed of trust is secured by that instrument. Likewise, our own research has failed to reveal any such Missouri authority. The courts of other states, however, have decided that issue.

*Citizens Bank & Trust Co. of Washington v. Gibson*, 490 N.E.2d 728 (Ind.1986), involved a mortgage which provided that it was "executed to secure the ... payment of all indebtedness of mortgagor and borrowers to Mortgagee whether now existing or hereafter incurred...." The defendants, who were husband and wife, signed as "Mortgagors and Borrowers." The husband later defaulted under a note which he alone signed two years after the mortgage was signed. The bank contended that it was entitled to foreclose under the mortgage. The Supreme Court of Indiana disagreed, holding that the customary method of including future debts by less than all of the original borrowers under a mortgage is to include a phrase such as "the indebtedness of the mortgagors or either of them." *Id.* at 730. The court said, "We do not find within the language of the words 'and borrowers' the degree of an unequivocal intent required to secure the several indebtedness of the parties." *Id.*

*Bank of Woodson v. Hibbitts*, 626 S.W.2d 133 (Tex.App.1981), involved a deed of trust which provided that it was made "to secure

and enforce the payment of all other indebtedness now owing or in the future may be owing by mortgagors to mortgagee herein...." The issue was whether the deed of trust which was signed by three mortgagors would secure payment of a later note signed by only one of them. The court held that mortgages which are intended to secure other indebtedness will be effective to secure only those debts that are within the reasonable contemplation of the parties at the time the deed of trust is executed. *Id.* at 134. It concluded that the individual note signed by one of the mortgagors was not secured by the deed of trust because the deed of trust did not purport to secure indebtedness owed by "either or any of them." *Id.*

A similar result occurred in *Farmers Trust & Savings Bank v. Manning*, 311 N.W.2d 285 (Iowa 1981), where the Iowa Supreme Court held that mortgages known as "dragnet mortgages" while valid are not favored by the law and are strictly construed against the mortgagee. *Id.* at 289. It concluded that such a mortgage executed by a husband and wife did not secure a note signed only by the husband, noting that it did not refer to advances made to only one of the original parties. *Id.*

A case even more closely on point to the instant one is *Holiday Inns, Inc. v. Susher–Schaefer Investment Co.*, 77 Mich.App. 658, 259 N.W.2d 179 (1977). There, a mortgage, signed by a corporation and a husband and wife, provided that it secured the payment of all sums and indebtedness now or thereafter owing from "the Mortgagor to the Mortgagee." The court held that the "Mortgagor" was both the corporation and the husband and wife, and that another debt signed by less than all of them was not secured by the mortgage. *Id.* at 182. In doing so, it concluded that where several parties sign a mortgage as co-mortgagors, and the "dragnet clause" refers to the mortgagors as "party of the first part" and "grantor" and covers the indebtedness of the "grantor," subsequent notes by only one of the co-mortgagors are not secured by the mortgage. *Id.* The court said, "We would distinguish these cases from those dealing with dragnet clauses which refer to the debts of the 'mortgagors or either or any of them.'" *Id.* Finally, the court held that the plain language of the mortgage excluded the debt of less than all of the original co-mortgagors to the mortgage. *Id.*

The provisions of the mortgage in the *Holiday Inns* case are significantly similar to those of the Deed of Trust in the instant case. Here, the instrument refers to the makers collectively as "Borrower" and "Grantor." Likewise, the provisions of Paragraphs D and E (which Bank contends apply) refer to future indebtedness of "Borrower." Similar to *Holiday Inns*, there is no provision indicating that the Deed of Trust is to apply to debts of the "Borrower" or "either or any of them." We find the reasoning of the cases cited above to be persuasive and hold that the trial court did not err in entering judgment against Bank on its petition for a declaratory judgment.

Judgment affirmed.

SHRUM, P.J., and BARNEY, J., concur.