NO. 07-01-0347-CR


NO. 07-01-0348-CR


NO. 07-01-0349-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 4, 2001



______________________________




ANTHONY RAY ARCHER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NOS. 41,448-A, 41,450-A, 41,452-A ; HONORABLE RICHARD DAMBOLD, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Anthony Ray Archer attempts to appeal three separate convictions, after
guilty pleas, of aggravated robbery for which he was sentenced to 15 years confinement
in the Institutional Division of the Department of Criminal Justice on each charge. 
However, we must dismiss the appeals for want of jurisdiction.

 In each case, sentence was pronounced in open court on February 9, 2001, but
appellant's notices of appeal were not filed until August 21, 2001. A timely filed notice of
appeal is essential to invoke our appellate jurisdiction. Olivo v. State, 918 S.W.2d 519,
522 (Tex.Crim.App. 1996). To be timely, a notice of appeal must be filed within 30 days
after the sentence is imposed or suspended in open court. Tex. R. App. P. 26.2(a)(1). An
appellate court may extend the time to file a notice of appeal if a motion seeking an
extension of time is filed within 15 days after the deadline for filing the notice of appeal. 
Tex. R. App. P. 26.3. In this instance, appellant did not file his notices of appeal until at
least five months after the deadline for doing so, and he did not file a motion for extension
of time. 

 Because the notices of appeal were not timely filed, we have no jurisdiction to
consider these appeals. Accordingly, we must and do hereby dismiss these appeals. 

 Per Curiam

Do not publish. 



ober 23, 2002. The note shall be for a term of 60 months with the first
payment being due and payable on or about August 1, 2003 and a like
payment due on the first day of each month thereafter until paid in full. 
There will be no penalty for early pay-off. The promissory note will be
secured by a deed of trust executed by Kenneth Brit Hammit in favor of Misty
Jean Lane f/k/a Misty Jean Hammit, Beneficiary, on the property described
above. At the time of the execution of the promissory note and deed of trust
by Kenneth Brit Hammit, Misty Jean Lane f/k/a Misty Jean Hammit will also
execute a Special Warranty Deed on the property described above
conveying all her interests in said real property to Kenneth Brit Hammit,
subject to her Deed of Trust. Upon full satisfaction of the promissory note
described above, Misty Jean Lane f/k/a Misty Jean Hammit will immediately
execute a Release of the Deed of Trust described above. 

 IT IS FURTHER ORDERED that Kenneth Brit Hammit shall sell the
property within five years from the date of the decree. Upon such sale,
Kenneth Brit Hammit shall pay the balance of the debt owed on said
property.

 

 Although neither party gave notice of appeal of the July 1 order, (3) on September 22,
2003, Kenneth filed his first amended motion for clarification by which he sought further
clarification of the original decree as it related to the homestead and the owelty of partition
payable to Misty. Kenneth's amended motion did not make any reference to or seek any
modification or clarification of the original decree as it was modified by the July 1 order. 
The clerk's record does not show any service on Misty or a response or answer by Misty.
However, according to the reporter's record, Kenneth and Misty both appeared in person
and by counsel on October 13, 2003, and presented testimony regarding the relief sought
by Kenneth's amended motion. After taking the matter under advisement, on June 3,
2004, the trial court signed a second order clarifying the final decree of divorce. No
findings of fact or conclusions of law were requested or filed. 

 By her sole point of error, Misty contends the trial court erred in granting Kenneth's
motion to clarify the decree of divorce. We disagree. Misty's notice of appeal was directed
to the trial court order signed June 3, 2004. Because a notice of appeal directed to the
order clarifying the final decree of divorce signed July 1, 2003, was never filed, the order
signed in 2003 was final at the time of the hearing on October 13, 2003, and on June 3,
2004 when the second order was signed. See State ex rel. Latty v. Owens, 907 S.W.2d
484, 485 (Tex. 1995). 

 Misty focuses her argument on the provision of the original decree stating that upon
the sale of the homestead, the balance of the sale proceeds should be divided between
Kenneth and Misty equally. Contending that the provision was not ambiguous, and citing
sections 9.007(a) and 9.008(b) of the Family Code, Misty contends the trial court erred in
excising that part of the decree. Although the order signed July 1, 2003, made textual
changes to the provision regarding the sale of the homestead, the June 3, 2004 order
made no changes. As material here, the June 3 order now under review provides as
follows:

 The debt was paid within five years. Therefore, the Court finds that the
owelty lien has been extinguished and full title vested in Brit Hammit.

 Further, the Court finds that the contingency that the real property be
sold after five years if the debt has not been paid has been extinguished and
is a nullity because of payment within five years.

 The parties are ORDERED to execute all necessary documents
evidencing that full title has vested in Brit Hammit including but not limited to
a Quitclaim Deed from Misty Jean Hammit to Brit Hammit and a Release of
Lien by Misty Hammit in favor of Brit Hammit within 30 days of this order
becoming final.


 Moreover, because a lien is but only an incident of a debt or obligation, the trial court
did not err in concluding that payment in full of the owelty debt to Misty extinguished the 
lien. Bank of Woodson v. Hibbitts, 626 S.W.2d 133, 136 (Tex.App.-Eastland 1981, writ
ref'd n.r.e.).

 Where, as here, the record does not contain findings of fact or conclusions of law,
the judgment will be affirmed if it was proper under any legal theory supported by the
record. Garcia v. Mireles, 14 S.W.3d 839, 842 (Tex.App.-Amarillo 2000, no pet.). 
Because we presume on appeal that the action of the trial court was justified and the
burden of proof is on the party asserting error, Misty's sole point of error is overruled.

 Accordingly, the trial court's order is affirmed.


 Don H. Reavis

 Justice



Quinn, C.J., concurring.


Hancock, J., concurring.

 NO. 07-04-0366-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 4, 2005



______________________________




IN THE MATTER OF THE MARRIAGE OF MISTY JEAN HAMMIT


AND KENNETH BRIT HAMMIT AND IN THE INTEREST OF


KENNETH DAKOTA HAMMIT, HALEY ELIZABETH HAMMIT,


AND TORI ANNE HAMMIT, CHILDREN


_________________________________



FROM THE 316TH DISTRICT COURT OF HUTCHINSON COUNTY;



NO. 33,669; HON. JOHN LAGRONE, PRESIDING


_______________________________



Concurring Opinion


_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

 I concur in the result reached by Justice Reavis but write separately to explain my
reason for affirming the judgment. 

 A trial court may clarify those parts of a prior judgment involving the division of the
marital estate. Tex. Fam. Code Ann. §9.008(b) (Vernon 1998). However, the prior division
must either be ambiguous or sufficiently vague to render the division unsusceptible to
enforcement by contempt. Id.; McKnight v. Trogdon-McKnight, 132 S.W.3d 126, 130 (Tex.
App.-Houston [14th Dist.] 2004, no pet.); Wright v. Eckhardt, 32 S.W.3d 891, 894 (Tex.
App.-Corpus Christi 2000, no pet.). 

 Next, whether a decree is ambiguous is a question of law which we review de novo. 
McKnight, 132 S.W.3d at 131. Furthermore, in construing a judgment we apply the same
rules used to interpret written documents in general. Lone Star Cement Corp. v. Fair, 467
S.W.2d 402, 404-05 (Tex. 1971). This requires us to read the document as a whole, id.,
and attempt to determine from its words the intent of the trial court. Stettner Clinic, Inc. v.
Burns, 61 S.W.3d 16, 18-19 (Tex. App.-Amarillo 2000, no pet.). And, only if the judgment
or portions thereof are uncertain, doubtful or reasonably susceptible to more than one
meaning, when read as a whole, may we deem it ambiguous. McKnight v. Trogdon-McKnight, 132 S.W.3d at 131. 

 I readily concede that the judgment directs Kenneth Hammit to "sell the [community
homestead] within five years from the date of the decree . . . pay the balance of the debt
owed on said property and [divide] the balance ... between [himself] and Misty . . . Hammit
equally." If that were the only provision dealing with the community homestead, I would
have to consider it clear and unambiguous. Simply put, Kenneth would be obligated to sell
the property and divide the net proceeds with his ex-wife. Yet, the judgment contains
another provision dealing with the very same parcel of realty and, the rules of construction
prevent us from ignoring it. The provision of which I speak grants the homestead to
Kenneth "as his sole and separate property" and divests Misty of "all right, title, interest,
and claim in" it. By according those words their plain meaning, one could not but
reasonably conclude that between Kenneth and Misty, the latter no longer had any claim
to or interest in the property. So, what appeared in the original judgment were two
provisions concerning the homestead, one of which grants Misty an interest in it upon its
sale while the other divests her of all interest in it. Given this, I find the judgment to be
susceptible to two reasonable yet contradictory provisions and, therefore, ambiguous. So,
being ambiguous, the provisions were subject to clarification in accordance with the trial
court's original intentions.

 Next, the record indicates that the trial court recalled little about why it disposed of
the homestead as it did. Nonetheless, the trial judge stated, of record, that his "main focus
on both sides was the children." To this he added: ". . . normally I feel like the kids ought
to stay in the house because that's the least destructive way to go. And I wouldn't have
put any restrictions on when you have to sell it or pay it off because I feel like the kids need
to be in a familiar environment." Though both Kenneth and Misty were awarded joint
conservatorship over their children, Kenneth was granted the power to establish their
primary residence. In other words, the children were to live with him. This, along with the
trial judge's clarification order nullifying Kenneth's obligation to sell the house and share
the proceeds with Misty, comports with the trial court's stated intent to allow the children
to remain in the house without "any restrictions." 

 Additionally, locating within the section of the judgment entitled "Owelty of Partition"
the paragraph that obligated Kenneth to sell the house is also informative. Through the
other paragraphs under that section the trial court not only evinced its intent to place an
encumbrance upon the homestead to secure payment of only the $7,629 in owelty but also
created such an encumbrance. It seems rather logical to infer that the trial court had an
interest in assuring that the owelty was paid, and requiring that it be paid through the sale
of the homestead (if not the debt was not otherwise satisfied) is a practical means of
effectuating that desire. And, this would explain why it ordered Kenneth to sell the house
in five years and pay the debts due Misty. 

 So when I combine the reason for ordering the sale of the house with the trial court's
customary intent to give the house (without any time restrictions) to the parent who keeps
the children, I conclude that the trial court originally intended to actually award the home
to Kenneth (who has the children) in fee subject to loss only upon his failure to pay the
owelty within five years. And, the clarifying order at issue fulfills that intent since Kenneth
paid the owelty. Thus, he need not sell the homestead and divide the proceeds with Misty.

 Accordingly, I too vote to affirm the trial court's clarification order.


 Brian Quinn

 Chief Justice

NO. 07-04-0366-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 4, 2005



______________________________


 

IN THE MATTER OF THE MARRIAGE OF MISTY JEAN HAMMIT


AND KENNETH BRIT HAMMIT AND IN THE INTEREST OF


KENNETH DAKOTA HAMMIT, HALEY ELIZABETH HAMMIT,

 AND TORI ANNE HAMMIT, CHILDREN

_________________________________


FROM THE 316TH DISTRICT COURT OF HUTCHINSON COUNTY;


NO. 33,669; HONORABLE JOHN LAGRONE, JUDGE

_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

CONCURRING OPINION


 I would concur with the results reached by Justice Reavis, but agree with the
reasoning as expressed by Chief Justice Quinn in holding that the two paragraphs at issue
are ambiguous and in need of clarification. I would, therefore, affirm the trial court's
clarification. 

 Mackey K. Hancock

 Justice 
1. The order under review is the post trial order signed on June 3, 2004. 
2. The motion for clarification and the order signed July 1, 2003, make no reference
or citation to Family Code sections 9.001, 9.006(b), or 9.008.
3. According to the clerk's record, the order modifying the original decree signed July
1 was not set aside or modified by the trial court.