NO. 07-04-0366-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 4, 2005

______________________________

IN THE MATTER OF THE MARRIAGE OF MISTY JEAN HAMMIT

AND KENNETH BRIT HAMMIT
 AND IN THE INTEREST OF

KENNETH DAKOTA HAMMIT, 
HALEY ELIZABETH  HAMMIT,

 
AND TORI ANNE HAMMIT, CHILDREN

_________________________________

FROM THE 316TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 33,669; HONORABLE JOHN LAGRONE, JUDGE

_______________________________

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION

Appellant Misty Jean Hammit challenges an order clarifying her final decree of divorce,
(footnote: 1) as it concerned certain real estate awarded to appellee Kenneth Brit Hammit. Presenting a single point of error, Misty contends the clarifying order signed by the trial court changed the actual substantive division of property made by the decree of divorce.  Based on the rationale expressed below, we affirm.

Among other provisions,  the decree of divorce signed May 24, 2001, awarded the homestead of the parties to Kenneth but imposed an encumbrance on the homestead, located at 403 S. Holmes in Fritch, Texas, to secure Kenneth’s payment of an
 
owelty of partition of $7,629.69 to Misty payable in monthly installments of $109.49 and commencing May 15, 2001.  Following a hearing on Kenneth’s motion for clarification, the trial court signed an order on July 1, 2003, clarifying the decree of divorce.
(footnote: 2)   After reciting that the provisions of the original decree regarding payment of the $7,629.69 to Misty and the award of the homestead were ambiguous, unclear, and contradictory and were not  specific enough to be enforceable by contempt, the July 1 order partially modified the terms of the original decree as follows:

The encumbrance is to secure the payment of the debt of Respondent in favor of Petitioner of $7629.69, resulting from the award of the homestead in this divorce proceeding.  As a result of prior child support offsets for 19 months of child support, beginning in April 2001 and ending in October, 2002, with said offsets totaling $2080.31, the encumbrance now totals $5549.38.  This debt shall be the subject of a promissory note executed by Kenneth Brit Hammit payable to Misty Jean Lane f/k/a Misty Jean Hammit which shall bear interest at the rate of 6% per year with interest beginning on October 23, 2002.  The note shall be for a term of 60 months with the first payment being due and payable on or about August 1, 2003 and a like payment due on the first day of each month thereafter until paid in full.  There will be no penalty for early pay-off.  The promissory note will be secured by a deed of trust executed by Kenneth Brit Hammit in favor of Misty Jean Lane f/k/a Misty Jean Hammit, Beneficiary, on the property described above.  At the time of the execution of the promissory note and deed of trust by Kenneth Brit Hammit, Misty Jean Lane f/k/a Misty Jean Hammit will also execute a Special Warranty Deed on the property described above conveying all her interests in said real property to Kenneth Brit Hammit, subject to her Deed of Trust.  Upon full satisfaction of the promissory note described above, Misty Jean Lane f/k/a Misty Jean Hammit will immediately execute a Release of the Deed of Trust described above. 

IT IS FURTHER ORDERED that Kenneth Brit Hammit shall sell the property within five years from the date of the decree.  Upon such sale, Kenneth Brit Hammit shall pay the balance of the debt owed on said property.

Although neither party gave notice of appeal of the July 1 order,
(footnote: 3)  on September 22, 2003, Kenneth filed his first amended motion for clarification by which he sought further clarification of the original decree as it related to the homestead and the owelty of partition payable to Misty.  Kenneth’s amended motion did not make any reference to or seek any modification or clarification of the original decree as it was modified by the July 1 order.  The clerk’s record does not show any service on Misty or a response or answer by Misty. However, according to the reporter’s record, Kenneth and Misty both appeared in person and by counsel on October 13, 2003, and presented testimony regarding the relief sought by Kenneth’s amended motion.  After taking the matter under advisement, on June 3, 2004, the trial court signed a second order clarifying the final decree of divorce.  No findings of fact or conclusions of law were requested or filed.  

By her sole point of error, Misty contends the trial court erred in granting Kenneth’s motion to clarify the decree of divorce.  We disagree.  Misty’s notice of appeal was directed to the trial court order signed June 3, 2004.  Because a notice of appeal directed to the order clarifying the final decree of divorce signed July 1, 2003, was never filed, the  order signed in 2003 was final at the time of the hearing on October 13, 2003, and on June 3, 2004 when the second order was signed.   
See
 State ex rel. Latty v. Owens, 907 S.W.2d 484, 485 (Tex. 1995).  

Misty focuses her argument on the provision of the original decree stating that upon the sale of the homestead, the balance of the sale proceeds should be divided between Kenneth and Misty equally.  Contending that the provision was not ambiguous, and citing sections 9.007(a) and 9.008(b) of the Family Code, Misty contends the trial court erred in excising that part of the decree.  Although the order signed July 1, 2003, made textual changes to the provision regarding the sale of the homestead, the June 3, 2004 order made no changes.  As material here, the June 3 order now under review provides as follows:

The debt was paid within five years.  Therefore, the Court finds that the owelty lien has been extinguished and full title vested in Brit Hammit.

Further, the Court finds that the contingency that the real property be sold after five years if the debt has not been paid has been extinguished and is a nullity because of payment within five years.

The parties are ORDERED to execute all necessary documents evidencing that full title has vested in Brit Hammit including but not limited to a Quitclaim Deed from Misty Jean Hammit to Brit Hammit and a Release of Lien by Misty Hammit in favor of Brit Hammit within 30 days of this order becoming final.

Moreover, because a lien is but only an incident of a debt or obligation, the trial court did not err in concluding that payment in full of the owelty debt to Misty extinguished the  lien.  Bank of Woodson v. Hibbitts, 626 S.W.2d 133, 136 (Tex.App.–Eastland 1981, writ ref’d n.r.e.).

Where, as here, the record does not contain findings of fact or conclusions of law, the judgment will be affirmed if it was proper under any legal theory supported by the record.  Garcia v. Mireles, 14 S.W.3d 839, 842 (Tex.App.–Amarillo 2000, no pet.).  Because we presume on appeal that the action of the trial court was justified and the burden of proof is on the party asserting error, Misty’s sole point of error is overruled.

Accordingly, the trial court’s order is affirmed.

Don H. Reavis

         Justice

Quinn, C.J., concurring.

Hancock, J., concurring.

  
     

FOOTNOTES
1:
The order under review is the post trial order signed on June 3, 2004.  

2:
The motion for clarification and the order signed July 1, 2003, make no reference or citation to Family Code sections 9.001, 9.006(b), or 9.008.

3:
According to the clerk’s record, the order modifying the original decree signed July 1 was not set aside or modified by the trial court.